# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-20410
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

IN THE MATTER OF SERTA SIMMONS BEDDING, L.L.C.,

*Debtor*.

CAMERON THIERRY,

*Appellant*,

*versus*

SERTA SIMMONS BEDDING, L.L.C.,

*Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 23-CV-2173

———————————————————————————

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20410

*Pro se* Appellant Cameron Thierry directly appeals three bankruptcy court orders under 28 U.S.C. § 158(d), attempting to bypass the district court's first review. Provided that an appellant files a proper notice of appeal, we have discretion to hear a direct appeal from a bankruptcy court decision where two statutory conditions are met. *See In re OCA, Inc.*, 552 F.3d 413, 418 (5th Cir. 2008) (citing 28 U.S.C. § 158(d)(2)). First, the bankruptcy court, the district court, a bankruptcy appellate panel, or all appellants and appellees acting jointly must make a statutory certification.[1] § 158(d)(2)(A). Second, our court must grant permission to file the direct appeal via a motion for leave to take a direct appeal in accordance with FED. R. APP. P. 6(c). *Id.*; FED. R. BANKR. P. 8006(g). Here, neither condition was met. There is no evidence in the record—and Thierry points to none—that a certification was even requested let alone granted that would satisfy the jurisdictional condition of § 158(d)(2). In addition, Thierry did not move our court for leave to file his direct appeal in accordance with FED. R. APP. P. 6(c). Accordingly, we lack jurisdiction over Thierry's appeal.

Because Thierry failed to satisfy the requirements of § 158(d), we DISMISS WITHOUT PREJUDICE for want of jurisdiction.

---

[1] The statutory certification must certify that "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance," "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions," or "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]" 28 U.S.C. § 158(d)(2)(A)(i)–(iii).